UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTHONY POLANSKAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| ZIMMER, INC., a Delaware corporation; ) | |
| ZIMMER HOLDINGS, INC., a Delaware ) | JURY TRIAL DEMANDED |
| corporation; and ZIMMER US, INC., a ) | |
| Delaware corporation, ) | |
| ) | |
| Defendants. ) | |

## **DEFENDANTS' NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that the defendants, Zimmer, Inc., Zimmer Holdings, Inc., and Zimmer US, Inc. (collectively, "Zimmer"), remove the state court action captioned *Anthony Polanskas v. Zimmer, Inc., et al.*, Cause No. 2010-34275, in the 165th District Court of Harris County, Texas (the "Action"), to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are:

**I.      PLEADINGS**

1. This is a product liability action in which the plaintiff, Anthony Polanskas ("Plaintiff"), alleges that a component of an artificial hip replacement device implanted in Plaintiff, and designed and manufactured by Zimmer, Inc. (called a Durom Acetabular Component), failed, allegedly causing Plaintiff to incur physical injuries, including pain, suffering, impairment, and disfigurement, as well as economic damages, including medical bills, loss of earnings and earnings capacity, and reasonable attorneys' fees. *See* Plaintiff's Original

329182 v1

Petition ("Petition"), ¶¶ 4.01-4.11, 9.01-9.03, attached as Exhibit A. The Petition alleges claims of strict liability, negligence, and violations of the Deceptive Trade Practices Act. *Id.* at *passim*.

2. Plaintiff commenced the Action by filing the Petition in the District Court of Harris County, Texas, on June 1, 2010. *See* Petition, 1. Zimmer was personally served with the Petition on February 11, 2011. *See* Summons attached as Exhibit C.

## II.   REMOVAL IS PROPER IN THIS CASE

### A.   Removal Is Timely And Amount In Controversy Exceeds $75,000

3. Removal is timely because it is made within 30 days of the first-served defendant having received the Summons and Complaint. *See* Exhibit B; 28 U.S.C. § 1446(b).

4. Based on the allegations in the Complaint, particularly the allegations in paragraphs 9.01-9.03 and 10.01-10.07, the amount in controversy, exclusive of interest and costs, exceeds $75,000 as required by 28 U.S.C. § 1332(a). *See, e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003) (affirming lengthy list of compensatory and punitive damages in complaint as sufficient to establish amount in controversy); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (affirming district court's decision that it was "facially apparent" that plaintiff's claims exceeded $75,000).

### B.   There Is Complete Diversity Among The Parties

5. The diversity of citizenship requirements of 28 U.S.C. § 1332(a) are satisfied. The Complaint alleges that Plaintiff is a citizen and resident of Wyandotte, Michigan. Petition, ¶ 2.01. Zimmer, Inc., Zimmer Holdings, Inc., and Zimmer US, Inc., are Delaware corporations with their principal places of business in Warsaw, Indiana, and, thus, are citizens of Delaware and Indiana for purposes of determining diversity. *See* Petition, ¶¶ 2.02-2.04; 28 U.S.C. § 1332(c)(1).

6. Accordingly, there is complete diversity among the parties, and removal is proper under 28 U.S.C. § 1332(a)(1).

C. **Venue And Other Requirements Are Satisfied**

7. The United States District Court for the Southern District of Texas, Houston Division, includes the county in which the Action is now pending. Thus, this Court is the proper venue for the Action pursuant to 28 U.S.C. § 1441(a).

8. No additional consent to this removal is required.

9. Pursuant to 28 U.S.C. § 1446(d), Zimmer is filing a written notice of this removal with the Clerk of the District Court of Harris County, Texas. A Notice Of Removal To Adverse Party, together with copies of this Notice Of Removal and the Notice Of Filing Notice Of Removal, are being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

10. In accordance with Local Rule 81 and 28 U.S.C. § 1446(a), attached as appendices hereto are:

    a. Exhibit A: an index of all matters being filed;

    b. Exhibit B: copies of all pleadings and answers filed in the case;

    c. Exhibit C: copies of all executed services of process;

    d. Exhibit D: all orders signed by the state court judge;

    e. Exhibit E: the state court docket sheet; and

    f. Exhibit F: a list of all counsel of record, including addresses, telephone numbers and parties represented.

WHEREFORE Zimmer, Inc., Zimmer Holdings, Inc., and Zimmer US, Inc., respectfully remove the Action from the District Court of Harris County, Texas, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

329182 v1

DATED this 2nd day of March, 2011.

Respectfully submitted,

By: /s/ M. Scott Michelman
M. SCOTT MICHELMAN
Attorney-in-Charge
Southern District No. 20802
State Bar No. 00797075
E-Mail: mmichelman@shb.com
SHOOK, HARDY & BACON L.L.P.
600 Travis, Suite 1600
Houston, Texas 77002
Telephone: (713) 227-8008
Telefax: (713) 227-9508
*Attorney for the Defendants, Zimmer, Inc.,
Zimmer Holdings, Inc., and Zimmer US, Inc*

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of March, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Monica C. Vaughan
HOUSSIERE, DURANT & HOUSSIERE, LLP
1990 Post Oak Boulevard, Suite 800
Houston, TX 77056
*Via E-Mail @ mvaughan@hdhtex.com*

/s/ M. Scott Michelman
M. SCOTT MICHELMAN

329182 v1